# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHEN KELLER,<br><br>   Plaintiff,<br><br>   v.<br><br>SHIRLEY, *et al.*,<br><br>   Defendants. | Case No.  1:22-cv-01487-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 8) |

Plaintiff Paul Stephen Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 30, 2022.  (ECF No. 8.)  Plaintiff requests appointment of counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate/prosecute this case, the issues involved in the case are extremely complex and will require significant research and investigations, and he has limited knowledge of the law and access to the law library.  In addition, a trial will involve conflicting testimony, expert witness testimony, and counsel will be more qualified and able to present the case and evidence, and cross-examine witnesses.  Plaintiff has made efforts to obtain counsel without success.  Plaintiff also believes that the Court will take counsel more seriously than a prisoner like Plaintiff.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners who must obtain discovery and conduct legal research with limited access to a prison law library and limited education in the law.  These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 8), is HEREBY DENIED, without prejudice.  Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:  **December 2, 2022**            /s/ *Barbara A. McAuliffe*            
                                        UNITED STATES MAGISTRATE JUDGE