# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHEN KELLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEGOUGH, *et al.*,<br><br>　　　　Defendants. | Case No.  1:22-cv-01487-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY MERITS-BASED DISCOVERY<br><br>(ECF No. 41) |

　　　Plaintiff Paul Stephen Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Degough ("Defendant"), in his individual capacity, for deliberate indifference to conditions of confinement in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 34.)

　　　On June 21, 2024, Defendant filed a motion for summary judgment on the ground that the undisputed facts in the record prove that Plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), (ECF No. 40), together with a motion to stay discovery, modify scheduling order, and alternatively, extend time to respond to discovery, (ECF No. 41).

　　　Although Plaintiff has not had the opportunity to file a response to Defendant's motion to stay merits-based discovery, the Court finds a response unnecessary.  The motion is deemed

1  submitted.  Local Rule 230(l).

2  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
3  with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
4  considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
5  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
6  reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
7  not diligent, the inquiry should end.  *Id.*

8  Pursuant to the Court's May 1, 2024 Discovery and Scheduling Order, responses to
9  written discovery requests shall be due forty-five (45) days after the request is first served, and
10 the deadline for the completion of all discovery is January 1, 2025.  (ECF No. 31.)  Defendant
11 states that Plaintiff has served Defendant three sets of interrogatories and three sets of requests for
12 production of documents concerning the merits of Plaintiff's claims.  However, conducting
13 merits-based discovery before Defendant's exhaustion-based motion for summary judgment is
14 resolved will likely result in the unnecessary expenditure of resources by the parties and
15 potentially by the Court if any discovery-related motions are necessary.  Defendant's pending
16 summary judgment motion, if granted, will dispose of the entire action without reaching the
17 merits of Plaintiff's claims.  If the exhaustion-based motion for summary judgment is denied,
18 Defendant requests that the Court grant a thirty-day extension of time, from the date the discovery
19 stay is lifted, to respond to Plaintiff's interrogatories and requests for production of documents.
20 (*Id.*)

21 Having considered Defendant's moving papers, the Court finds good cause to stay merits-
22 based discovery.  Defendant has been diligent in filing the dispositive motion, and it would be a
23 waste of the resources of the Court and the parties to require the preparation of potentially
24 unnecessary merits-based discovery.

25 **However, to the extent Plaintiff has served discovery requests relating to the issue of**
26 **exhaustion of administrative remedies, Defendant is not relieved of the existing obligation to**
27 **timely respond to those requests**.  Given that Plaintiff has not had the opportunity to respond to
28 Defendant's motion to modify the discovery and scheduling order, the Court finds it appropriate

to require Defendant to complete any outstanding discovery requests related to the exhaustion issue, as required by the Court's Discovery and Scheduling Order.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadline, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay merits-based discovery, (ECF No. 41), is GRANTED; and
2. All merits-based discovery is STAYED, as discussed above, pending resolution of the motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **June 24, 2024**                    /s/ Barbara A. McAuliffe          _
                                              UNITED STATES MAGISTRATE JUDGE