# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHEN KELLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEGOUGH,<br><br>　　　　Defendant. | Case No. 1:22-cv-01487-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE DISPOSITIVE MOTIONS DEADLINE AND MODIFY SCHEDULING ORDER *NUNC PRO TUNC*<br><br>(ECF No. 47)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE |

　　　　Plaintiff Paul Stephen Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Degough ("Defendant") for deliberate indifference to conditions of confinement in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 34.)

　　　　On June 21, 2024, Defendant filed a motion for summary judgment on the ground that the undisputed facts in the record prove that Plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  (ECF No. 40.)  Plaintiff filed an opposition on July 15, 2024, (ECF No. 43), and Defendant filed a reply on July 30, 2024, (ECF No. 44).  The motion is fully briefed.

　　　　Pursuant to the Court's May 1, 2024 discovery and scheduling order, the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) was March 10, 2025.  (ECF No. 31.)  The Court also granted Defendant's June 21, 2024 motion to stay merits-based discovery until the exhaustion motion was determined.  (ECF Nos. 41, 42.)

1    Defendant's motion did not address the dispositive motion deadline.  (*See* ECF No. 41.)

2         On March 19, 2025, Defendant filed a motion to vacate dispositive motions deadline and
3    modify scheduling order *nunc pro tunc*.  (ECF No. 47.)  Although Plaintiff has not yet had an
4    opportunity to respond to the motion, the Court finds a response unnecessary, and the motion is
5    deemed submitted.  Local Rule 230(l).

6         Defendant argues that good cause exists to vacate the dispositive motions deadline
7    pending resolution of Defendant's exhaustion-based summary judgment motion.  (ECF No. 47.)
8    If Defendant's exhaustion motion is granted, the case will end and there would be no need for
9    either party to file a merits-based motion for summary judgment.  If the motion is denied, the
10   parties may then conduct discovery and file dispositive motions without having suffered any
11   prejudice.  (*Id.*)

12        In light of the pending motion for summary judgment, and the possibility that the motion
13   may entirely dispose of this action, the Court finds good cause to grant Defendant's motion.  The
14   Court will vacate the current dispositive motion deadline, to be reset if necessary following
15   resolution of the pending motion for summary judgment.

16        Based on the foregoing, IT IS HEREBY ORDERED as follows:

17   1. Defendant's motion to vacate dispositive motions deadline and modify scheduling order
18      *nunc pro tunc*, (ECF No. 47), is GRANTED;
19   2. The deadline for filing all dispositive motions (other than a motion for summary judgment
20      for failure to exhaust) is VACATED; and
21   3. As necessary and appropriate, the Court will reset the merits discovery and dispositive
22      motion deadlines following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **March 20, 2025**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

2